UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 20-10953 PA (JEMx) | Date | February 1, 2021 |
|---|---|---|---|
| Title | Agnes Huff v. Kemper Independence Insurance Company | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| G. Garcia | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Remand (Dkt. No. 11) filed by plaintiff Agnes Huff ("Plaintiff") and a Motion to Dismiss filed defendant Kemper Independence Insurance Company ("Defendant") (Dkt. No. 7.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing scheduled for February 1, 2021 is vacated, and the matter taken off calendar.

I.   **Factual Background**

This case involves an insurance dispute. As alleged in Plaintiff's Complaint, Plaintiff owns one of eleven homes lining Billowvista Drive in Playa Del Rey in the County of Los Angeles. (Dkt. No. 1-1 at ¶ 9.) From the rear of these eleven homes, a slope descends about 100 feet until it meets a parallel downslope street called Cabora Drive, which is allegedly owned and maintained by the City of Los Angeles. (Id. The sloped area below Plaintiff's home is composed of fourteen vacant lots owned by various individuals and entities. (Id. ¶ 10.)

Cabora Drive was created in the 1920s by making road cuts into the Playa Del Rey hillside. (Id. ¶ 11.) Cabora drive "was never paved and remains a dirt road." (Id.) On January 17, 2017, the slope failed, "resulting in a dangerous landslide that threatens to destroy both uphill and downhill properties," including Plaintiff's home. (Id. ¶ 12.) Several uphill and downhill property owners have now sued each other, as well as the City (the "Playa Litigation") for any damage caused by the landslide.

As alleged in Plaintiff's Complaint, Defendant issued an insurance policy (the "Policy") to Plaintiff on May 24, 2011. (Dkt. No. 1-1 at ¶ 4.) The Policy provides "$500,000 personal liability coverage with a $5 million personal umbrella coverage." (Id. ¶ 4.) Plaintiff "tendered the complaints filed against her in the underlying case" to Defendant for "defense and indemnity under the Policy." (Id. ¶ 6.) In May of 2018, Defendant sent a letter to Plaintiff advising Plaintiff that Defendant "is providing [Plaintiff] with a complete defense in the Playa Litigation." (Id. ¶ 7.) Defendant assigned Wesierski & Zurek as the attorneys to defend Plaintiff in the Playa Litigation. (Id. ¶ 8.)

Plaintiff allegedly hired Blum Collins LLP to represent her separately in the Playa Litigation, and to help Plaintiff recover costs from the City and downhill property owners. (Id. ¶ 18.) On January 18,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10953 PA (JEMx) | Date | February 1, 2021 |
|---|---|---|---|
| Title | Agnes Huff v. Kemper Independence Insurance Company | | |

2018, Blum Collins LLP filed Plaintiff's cross-complaint against the City and downhill owners. (Id. ¶ 18.) Plaintiff allegedly has two goals in the Playa Litigation: (1) to "secure compensation from the City and downhill owners to repair the slope and safeguard her home," and (2) to "avoid a verdict against herself in excess of [the Policy] limits." (Id. ¶ 20.) According to Plaintiff, Defendant's "only goal in the Playa Litigation is to minimize the amount of money that it has to pay . . . towards the compensation for the slope repair." (Id. ¶ 21.)

Plaintiff alleges that this creates a conflict of interest between Plaintiff's "goal of maximizing" and Defendant's "goal of minimizing" compensation for a slope repair. (Id. ¶ 22.) According to Plaintiff, Plaintiff "hired and designated geological, geotechnical engineering, and construction cost experts who will testify to the cost of a full slope repair." (Id. ¶ 23.) Plaintiff alleges the City "hired and designated its own experts to testify to a partial slope repair that would cost significantly less than a full slope repair." (Id. ¶ 24.) Plaintiff alleges that Defendant and the attorneys hired to defend Plaintiff "have every incentive to adopt the City's defense strategy and to undercut [Plaintiff's] damage claim against the City" - "that is, to argue that the property owners, including [Plaintiff] only deserve a cheap partial slope repair." (Id. 27.) Plaintiff alleges Defendant's "interest in reducing its own exposure conflicts with [Plaintiff's] interest in recovering compensation for a full slope repair." (Id. ¶ 28.)

Plaintiff claims she is entitled to the appointment of independent Cumis defense counsel because the firm currently representing her is taking "steps to control the outcome of [Plaintiff's] lawsuit against the City to her detriment." (Id. ¶ 31.) Plaintiff brings claims for: (1) declaratory relief pursuant to California Civil Code section 2860, (2) breach of contract, and (3) breach of the implied covenant of good faith and fair dealing.

**II.     Legal Standards**

Plaintiff now seeks to remand this action back to state court, while Defendant seeks to have Plaintiff's claims dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

    **A.     Motion to Remand**

"Federal courts are courts of limited jurisdiction," having subject matter jurisdiction only over matters authorized by the Constitution and Congress. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332, federal jurisdiction is proper so long as there is complete diversity between the parties and an amount in controversy in excess of $75,000. See, e.g., Orkin v. Taylor, 487 F.3d 734, 738 (9th Cir.2007).

A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10953 PA (JEMx) | Date | February 1, 2021 |
|---|---|---|---|
| Title | Agnes Huff v. Kemper Independence Insurance Company | | |

House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

      **B.**      **Motion to Dismiss**

      For purposes of a Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiffs in federal court are generally required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e); see also Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

      In Twombly, however, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

      **III.**      **Analysis**

      **A.**      **Motion to Remand**

      Defendant removed this action based on this Court's diversity jurisdiction. In her Motion to Remand, Plaintiff argues Defendant has failed to show that the amount in controversy is met. To satisfy the amount in controversy requirement under § 1332, the plaintiff's alleged damages must exceed $75,000. 28 U.S.C. § 1332(a). To measure the amount in controversy, a court must not only assume that the allegations of the complaint are true, but must also assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10953 PA (JEMx) | Date | February 1, 2021 |
|---|---|---|---|
| Title | Agnes Huff v. Kemper Independence Insurance Company | | |

199 F.Supp.2d 993, 1001 (C.D.Cal.2002).

"A defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 81 (2014) (quoting 28 U.S.C. § 1446(a)). A defendant's allegation that the amount in controversy exceeds the jurisdictional minimum should be accepted if not contested by the plaintiff or the court. Id. However, if a plaintiff contests the defendant's allegation, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id. at 554.

In response to Plaintiff's challenge that the amount in controversy is not met here, Defendant has offered evidence that the amount in controversy requirement is satisfied. First, Defendant estimates that Plaintiff's declaratory relief claim will cost approximately $10,500. (Dkt. No. 14, Def.'s Opp to Mot. to Remand at 5.) The object of Plaintiff's declaratory relief claims is an order requiring Defendant to retain Cumis counsel for Plaintiff in the underlying landslide cases pending against her. In other words, Defendant would have to replace the current counsel with new counsel, which would require Defendant to pay to get new counsel up to speed on the case. Defendant estimates this will take approximately 50-60 hours, and cost $10,500 if new counsel charges the same rate as current counsel. (Id. at 5-6.)

Second, in Plaintiff's breach of contract claim she seeks to recover the cost of expert fees she has or will incur in the underlying landslide litigation. (Id. at 6.) According to Defendant, in landslide cases such as this, that means retaining geotechnical engineers to test the soil at multiple properties. In earth movement cases such as this, Defendant also states that "it is common for defendants to designate structural engineers and contractors," and that this "will be necessary here because they perform the repair/mediation work." (Id.) Plaintiff estimates that this alone will cost at least $75,000.

Third, Plaintiff seeks consequential damages for Defendant's alleged bad faith. Under California law, emotional distress damages are consequential damages for an insurance bad faith claim. "To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases." Cain v. Hartford Life & Acc. Ins. Co., 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012). As demonstrated by other bad faith cases, emotional distress damages can be well in excess of $75,000. See, e.g., Pershing Park Villas Homeowners Ass'n v. United Pacific Ins. Co., 219 F.3d 895, (affirming $200,000 emotional distress award in homeowner suit alleging liability insurer acted in bad faith when it withdrew its defense of insured in construction-defect suit); Clayton v. United Services Auto. Asson. 54 Cal. App. 4th 1158 (1997) (awarding emotional distress damages of $400,000 for insurance bad faith case).

Fourth, Defendant argues that Plaintiff's attorney fees alone will likely be in excess of $75,000. The Court may "use its discretion to determine, within its own experience, that an award of attorneys' fees alone will satisfy the amount in controversy requirement." Cain, 890 F. Supp. 2d at 1250. Defendant cites to several other bad faith cases awarding Brandt attorneys' fees against an insurance company where the attorney fee award alone exceeded $75,000. See, e.g., Major v. W. Home Ins. Co.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10953 PA (JEMx) | Date | February 1, 2021 |
|---|---|---|---|
| Title | Agnes Huff v. Kemper Independence Insurance Company | | |

169 Cal. App. 4th 1197, 1207 (2009) (affirming $189,000 Brandt fees award in connection with recover of $31,000 in policy benefits). In addition, Defendant notes that Plaintiff's current attorney has been practicing for over 33 years, and four years ago, Los Angeles consumer attorneys with the same or less experience as Plaintiff's attorney were receiving fee awards between $500 and $750 per hour. Benedict v. Fed. Capital Holdings, Inc., 15-cv-05252, 2011 WL 11518497, at *3 (C.D. Cal. June 9, 2016) (awarding attorney fees of $650.00 per hour where "attorneys with similar years of experience practicing consumer law are paid an average of $500.00 or $750.00 per hour").

Finally, Defendant notes that Defendant offered to proceed with this litigation in state court if Plaintiff stipulated that she would not seek damages in excess of $75,000 which Plaintiff refused to do. This goes towards demonstrating that Plaintiff is seeking damages in excess of $75,000. See Adams v. Grogan, 20-cv-00243, 2020 WL 2615453, at *3 (C.D. Cal. May 22, 2020) ("the Court notes that Plaintiffs refused Defendant's offer to stipulate to a maximum recovery of $75,000 . . . . Clearly, Plaintiffs still hope to obtain damages greater than $75,000. The law, however, does not allow Plaintiffs to have it both ways - if they want to pursue damages greater than $75,000, Defendant is entitled to litigate the claims asserted against him in state court.").

The Court finds based on Defendant's evidence that the amount in controversy for diversity jurisdiction is satisfied. The Court therefore denies Plaintiff's Motion to Remand.

  **B. Motion to Dismiss**

Defendant argues Plaintiff's Complaint should be dismissed because Plaintiff is not entitled to Cumis counsel in this instance. In San Diego Navy Federal Credit Union v. Cumis Ins. Society, Inc., the California Court of Appeal held that if a conflict of interest exists between an insurer and its insured, based on possible noncoverage under the insurance policy, the insured is entitled to retain its own independent counsel at the insurer's expense. 162 Cal. App. 3d 358, 364 (1984). The Cumis opinion was codified in 1987 by the enactment of California Civil Code section 2860, "which clarifies and limits the rights and responsibilities of insurer and insured as set forth in Cumis." James 3 Corp. V. Truck Ins. Exchange, 91 Cal. App. 4th 1093, 1100 (2001) (internal quotations omitted).

"As statutory and case law make clear, not every conflict of interest triggers an obligation on the part of the insurer to provide the insured with independent counsel at the insurer's expense." Id. "For example, the mere fact [that] the insurer disputes coverage does not entitle the insured to Cumis counsel; nor does the fact [that] the complaint seeks punitive damages or damages in excess of policy limits." Id. "The insurer owes no duty to provide independent counsel in these situations because the Cumis rule is not based on insurance law but on the ethical duty of an attorney to avoid representing conflicting interests." Id. "For independent counsel to be required, the conflict of interest must be 'significant, not merely theoretical, actual, not merely potential.'" Id. (citing Dynamic Concepts, Inc. v. Truck Ins. Exchange, 71 Cal. App. 4th 999, 1007 (1998)). "Some of the circumstances that may create a conflict of interest requiring the insurer to provide independent counsel include: (1) where the insurer reserves its rights on a given issue and the outcome of that coverage issue can be controlled by the insurer's retained

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10953 PA (JEMx) | Date | February 1, 2021 |
|---|---|---|---|
| Title | Agnes Huff v. Kemper Independence Insurance Company | | |

counsel; (2) where the insurer insures both the plaintiff and the defendant; (3) where the insurer has filed suit against the insured, whether or not the suit is related to the lawsuit the insurer is obligated to defend; (4) where the insurer pursues settlement in excess of policy limits without the insured's consent and leaving the insured exposed to claims by third parties; and (5) any other situation where an attorney who represents the interests of both the insurer and the insured finds that his or her representation of the one is rendered less effective by reason of his [or her] representation of the other." Id. (internal quotations and citations omitted). As a general rule, "an insurer has the right to control the defense it provides to its insured provided there is no conflict of interest." Id. at 1105.

      Defendant argues Plaintiff's Complaint should be dismissed because the "conflict" alleged by Plaintiff "does not trigger [Defendant's] Cumis obligations Under Cal. Civ. Code Section 2860." (Mot. at 3.) The Court agrees. No conflict exists here because there is no duty on the part of Defendant to either prosecute Plaintiff's cross-claims against the downhill property owners and the City, or to pursue its defense of Plaintiff in a way that ensures that Plaintiff can collect a maximum amount of coverage under her cross complaint. Pursuant to the insurance contract: "If a claim is made or suit is brought against an 'insured' for damages because of 'bodily injury,' 'property damage' or 'personal injury' cause by an 'occurrence' to which this coverage applied, [Defendant] will . . . [p]rovide a defense at our expense by counsel of our choice." (Compl. ¶ 5.) As the California Court of Appeal has held, this type of provision does "not obligate [D]efendant[] to prosecute [P]laintiff's claims against [third parties] because neither the prosecution of [P]laintiff's prima facie case nor the defeat of [a third party's] defenses] thereto could be considered the defense of a suit seeking damages." 3250 Wilshire Boulevard Bldg. v. Employers Ins. of Wausau, 39 Cal. App. 4th 1277, 1280 (1995). In other words, Defendant is not obligated under the contract to provide Cumis counsel because Plaintiff's cross-claims and counterclaims may in some ways be contradictory to the claims brought against Plaintiff.

      As Plaintiff admits in her Complaint, Defendant is providing Plaintiff with a complete defense in the Playa Litigation. (Compl. ¶ 7.); see 3250 Wilshire Boulevard Bldg., 29 Cal. App. 4th at 1279 (affirming trial court's granting of defendant's demurrer finding that the liability policy "did not obligate [defendant] to furnish legal services for plaintiff's prosecution of its action against third parties.") Counsel appointed by Defendant is doing what they were hired to do under the contract - defend Plaintiff and minimize the potential amount of damages against Plaintiff. See James 3 Corp., 91 Cal. App. 4th at 1103 ("[T]he interests of the insured and [the insurance company] do not conflict vis-a-vis defense of the trademark infringement, unfair competition and related causes of action in Coca-Cola's complaint. It is in the interest of both to be found not liable or, if found liable, to minimize damages.").

      An insurer is not required to appoint Cumis counsel to fund and prosecute a counterclaim. See id. ("Under the policy, the [insurance company] is contractually obligated to provide the insureds with a defense. However, there is nothing in the policy that contractually obligates [the insurance company] to fund and prosecute an insured's affirmative relief counterclaims or cross-complaints."); see also Barney v. Aetna Casualty & Surety Co., 185 Cal. App. 3d 966 (1986) ("Aetna had no duty under the policy to file a cross-complaint on [the insured's] behalf, for nothing in the policy provisions imposes upon the insurer the duty to prosecute claims of the insured against third parties."); Silva & Hill Constr.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10953 PA (JEMx) | Date | February 1, 2021 |
|---|---|---|---|
| Title | Agnes Huff v. Kemper Independence Insurance Company | | |

Co. v. Employers Mut. Liab. Ins. Co., 19 Cal. App. 3d 914 (1971) ("The duty to defend could not extend to requiring the insurer to take affirmative action to recover money.")

  For these reasons, the Court finds Plaintiff is not entitled to the appointment of Cumis counsel in this case. Thus, the Court finds Plaintiff fails to state a claim for : (1) declaratory relief pursuant to California Civil Code section 2860, or (2) breach of contract. In addition, because Plaintiff's breach of the implied covenant of good faith and fair dealing claim is based upon the same factual allegations as Plaintiff's breach of contract claim, Plaintiff's breach of the covenant of good faith and fair dealing claim similarly must be dismissed. See Patterson v. E*TRADE Clearing, LLC, 2016 WL 6610383, at * (N.D. Cal. Nov. 9, 2016) (citing Matsumura v. Benihana Nat'l Corp., 465 Fed. Appx. 23, 29 (2d Cir. 2012) ("Plaintiff based their breach of good faith claim on the same operative facts as their breach of contract claim; accordingly, the District Court did not err in dismissing the former claim as duplicative of the latter.").

**Conclusion**

  For the foregoing reasons, the Court denies Plaintiff's Motion to Remand, and grants Defendant's Motion to Dismiss. Because the Court finds that any amendment would be futile and that Plaintiff is not entitled to Cumis counsel, the Court grants Defendant's Motion to Dismiss without leave to amend. The Court will issue a judgment consistent with this Order.

  IT IS SO ORDERED.